UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE                                                        Misc. No.:   22-mc-51216

- $50,085.94 in funds from JP
  Morgan Chase Bank Account
  #xxxxx6982

**Stipulation and Order Extending United States' Time to File
Forfeiture Complaint and to Toll the Civil Filing Deadline**

It is hereby stipulated by and between the United States of America, by and through its undersigned attorneys, and Shuqueni Franklin, by and through her attorney, Richard H. Morgan Jr., as follows:

    1.    On February 1, 2022, Federal Bureau of Investigation ("FBI") seized the following property:

- $50,085.94 in funds from JP Morgan Chase Bank Account #xxxxx6982

(collectively referred to herein as the "Property"):

    2.    The Parties acknowledge and stipulate that the FBI provided notice as required by 18 U.S.C. § 983(a)(1)(A) of the seizure and its intent to administratively forfeit the Property to all known interested parties, including to Shuqueni Franklin.

    3.    Shuqueni Franklin filed a claim in the administrative forfeiture

proceeding with the FBI regarding the Property. No other person has filed a claim to the Property in the administrative forfeiture proceeding.

4. The FBI referred the administrative claim to the United States Attorney's Office for civil judicial forfeiture proceedings.

5. Pursuant to 18 U.S.C. § 983(a)(3)(A) and (B), within 90 days after a claim has been filed in an administrative forfeiture proceeding, the United States is required to do one of the following:

    (a) file a complaint for forfeiture against the claimed property,

    (b) return the claimed property, or

    (c) include the claimed property for forfeiture in a criminal action,

in order for the United States to take further action to effect the civil forfeiture of the claimed property in connection with the underlying offense, unless the court extends the deadline for good cause shown or by agreement of the parties. In this case, the 90-day deadline would be **July 29, 2022**.

6. As provided in 18 U.S.C. § 983(a)(3)(A), the parties wish by agreement to extend the 90-day deadline set forth in 18 U.S.C. § 983(a)(3)(A) and (B), and to toll the deadline, in order for the parties to have a reasonable and sufficient period in which to evaluate their respective interests in and positions regarding the Property.

7. Shuqueni Franklin knowingly, intelligently, and voluntarily gives up

any rights she may have under 18 U.S.C. § 983(a)(3)(A) and (B) to require the United States to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action by **July 29, 2022**.

8.  The parties agree that the deadline by which the United States shall be required to file a complaint for forfeiture against the Property, to return the Property, and/or to include the Property for forfeiture in a criminal action to toll the civil filing deadline shall be extended **90 days** from **July 29, 2022** to and including **October 27, 2022**.

9.  Shuqueni Franklin waives all constitutional and statutory challenges related to the foregoing extension and gives up any rights she may have to seek dismissal of any civil forfeiture complaint and/or any criminal forfeiture allegation in a criminal action on the ground that forfeiture proceedings were not timely commenced. Shuqueni Franklin further waives and agrees to the tolling of any rule or provision of law limiting the time for commencing, or providing notice of, forfeiture proceedings with respect to the Property, including, but not limited to, the limitations contained in 18 U.S.C. § 983 and 19 U.S.C. § 1621.

10. Shuqueni Franklin agrees that until the United States files a complaint for forfeiture against the Property and/or alleges forfeiture of the Property in a criminal action, or until **October 27, 2022**, whichever occurs first, the Property

shall remain in the custody of the United States and Shuqueni Franklin shall not seek its return for any reason in any manner.

11. By signing below, Richard H. Morgan Jr. declares that prior to signing this Stipulation, he provided a copy of it to Shuqueni Franklin, reviewed it with Shuqueni Franklin, consulted with Shuqueni Franklin regarding its contents, answered any questions Shuqueni Franklin had about it, determined that Shuqueni Franklin understands its terms and is aware of her rights in this matter, and Shuqueni Franklin authorized Richard H. Morgan Jr. to sign this Stipulation.

12. By their signatures below, the Parties agree to all of the terms and conditions stated herein.

Approved as to form and substance:

Dawn N. Ison
United States Attorney

S/Catherine E. Morris
Catherine E. Morris (P84371)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9736
Catherine.Morris@usdoj.gov

Dated: July 18, 2022

S/Richard H. Morgan Jr. w/consent
Richard H. Morgan Jr. (P23924)
Attorney for Shuqueni Franklin
The Law Offices of Richard H. Morgan, Jr., PC
520 N. Main Street
Royal Oak, MI 48067
(248) 541-2600
rhm_jr@msn.com

Dated: July 22, 2022

**IT IS SO ORDERED.**

Date: July 22, 2022    s/Matthew F. Leitman
                      UNITED STATES DISTRICT JUDGE